UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GARY MONTGOMERY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | NO. 3:21-cv-00701 |
| DARON HALL, | ) |  |
| Respondent. | ) |  |

**MEMORANDUM OPINION AND ORDER**

Gary Montgomery, a state pretrial detainee, filed a pro se Petition under 28 U.S.C. § 2241, asserting speedy trial, excessive bail, and other constitutional violations arising from an allegedly excessive period of pretrial detention. (Doc. No. 1). Respondent filed a Motion to Dismiss and Montgomery responded. (Doc. Nos. 11, 13). The Court ordered the parties to submit supplemental briefing on whether the Younger abstention doctrine applies to the Petition, and the parties filed timely responses. (Doc. Nos. 16, 18, 19). The abstention issue is ripe for review. See O'Neill v. Coughlan, 511 F.3d 638, 641-43 (6th Cir. 2008) (explaining that a federal court may raise Younger abstention *sua sponte* and decide a case on that basis as long as the state does not expressly waive abstention). For the reasons that follow, the Petition will be dismissed.

I. Background

In May 2016, Montgomery was charged with solicitation of first-degree murder for allegedly trying to hire Jonathan Taylor to murder his wife. Over the next several years, Montgomery was indicted two more times, first for attempting to hire a cellmate to murder his wife and Taylor, and second for attempting to hire a cellmate to murder his wife, Taylor, the first cellmate, and Montgomery's first appointed counsel. Because Montgomery allegedly also

threatened the trial judge, the case was reassigned to a new division. Montgomery's counsel moved for several continuances, and trial was ultimately postponed due to the COVID-19 pandemic. On March 20, 2020, Montgomery moved to dismiss the charges against him based on denial of the constitutional right to a speedy trial. The trial court denied the motion on the ground that the majority of continuances were due to Montgomery's actions. Furthermore, the trial judge found that Montgomery's complex case necessitated "time to properly investigate, prepare, and eventually litigate." (Doc. No. 1-2 at 17). After more continuances in connection with Montgomery pursuing retained counsel, trial was set for February 7, 2022. Public records now indicate that Montgomery's case is set for a conference on September 19, 2022. See https://sci.ccc.nashville.gov/Search/Search (Gary Montgomery).

II. Analysis

The Court may issue a writ of habeas corpus under Section 2241 prior to judgment when a pretrial detainee "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio, 668 F.3d 804, 809 (6th Cir. 2012). In Younger v. Harris, 401 U.S. 37 (1971), however, the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 364 (1989); see also Lapine v. Chapman, No. 20-1509, 2020 WL 7048667, at *2 (6th Cir. Oct. 27, 2020) ("[F]ederal-court abstention is required under Younger when there is a parallel, pending state criminal proceeding.") (citing Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013)); Sims v. McCarter, No. 3:18-CV0072, 2018 WL 1138537, at *2 (M.D. Tenn. Mar. 2, 2018) ("Younger established a near absolute restraint rule when there are pending state criminal proceedings.").

The Sixth Circuit recently summarized the Younger doctrine:

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.
>
> Three conditions must exist for abstention: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal [petitioner] with an adequate opportunity to raise his or her constitutional claims.
>
> This court has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial, and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial.

Folley v. Banks, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (internal quotation marks and citations omitted) (quoting Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir. 1981)).

Montgomery does not contest that the Younger applies; rather, he argues the merits of the Petition and exhaustion of state remedies.[1] (See Doc. No. 19). However, the three conditions for abstention are present here. First, criminal charges were pending against Montgomery in a Tennessee court when he filed the Section 2241 Petition in federal court, and the Petition requests dismissal of the charges and release from custody. (Doc. No. 18 at 3); Folley, 2020 WL 9813535, at *2. Second, "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." Folley, 2020 WL 9813535, at *2. Third,

---

[1] Montgomery broadly suggests that the Younger doctrine should be "re-evaluated *de novo*" and does not require "blind deference." The Court, however, does not have the authority to "disregard Supreme Court precedent unless and until it has been overruled by the [Supreme] Court itself." Taylor v. Buchanan, 4 F.4th 406, 408 (6th Cir. 2021) (citing Thompson v. Marietta Educ. Ass'n, 972 F.3d 809, 813 (6th Cir. 2020)). And "Younger abstention requires the federal court to defer to the state proceeding," Coles v. Granville, 448 F.3d 853, 865 (6th Cir. 2006), if the requirements are met and no "extraordinary circumstances" trigger an exception. Doe v. Lee, No. 3:21-cv-00809, 2022 WL 1164228, at *6-7 (M.D. Tenn. Apr. 19, 2022).

3

Montgomery has not demonstrated that the state criminal proceedings fail to provide a forum where he can assert constitutional rights. Id.; Cooper v. Parrish, 203 F.3d 937, 955 (6th Cir. 2000). Indeed, Montgomery has asserted those rights by filing a speedy-trial motion in state court. (See Doc. Nos. 1-2 at 7-8, 20-26; 18 at 3).

Moreover, Montgomery's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit. Montgomery does not bring a double jeopardy claim or contend that he faces prejudice from prior ineffective assistance of counsel on retrial. And although Montgomery raises speedy trial and excessive bail claims, "he does not seek enforcement of the State's duty to provide a speedy trial." Folley, 2020 WL 9813535, at *2. Rather, Montgomery seeks release from custody and dismissal with prejudice of all charges, (Doc. Nos. 1 at 10-11; 19 at 1), relief that "cannot be attained by way of a pretrial § 2241 petition."[2] Folley, 2020 WL 9813535, at *2 (citing Atkins, 644 F.2d at 546-48); see also Hairston v. Franklin Cnty. Ct. of Common Pleas, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("[A] federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand[,] . . . federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds.") Accordingly, the Court must abstain from interfering in Montgomery's ongoing state court criminal proceedings.

---

[2] Other narrowly-construed exceptions also do not apply. See Lee, 2022 WL 1164228, at *6-7 (noting that limited exceptions include: (1) a state proceeding motivated by a desire to harass or conducted in bad faith; (2) a statute that is patently violative of express constitutional prohibitions; and (3) an extraordinarily pressing need for immediate federal equitable relief) (citations omitted).

III.     Conclusion

Pursuant to Younger, the Petition (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** and this case is closed. Respondent's Motion to Dismiss (Doc. No. 11) is **DENIED AS MOOT**. The Court must issue or deny a certificate of appealability ("COA"), Habeas Rule 11(a), depending on whether a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a petition is denied on procedural grounds, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court concludes that Montgomery has not satisfied this standard and **DENIES** a COA. Montgomery may seek a COA directly from the U.S. Court of Appeals for the Sixth Circuit. Habeas Rule 11; Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE